```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/19/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BENJAMIN SCHWARZ et al.,

                Plaintiffs,

-v-

THINKSTRATEGY CAPITAL MANAGEMENT LLC et al.,

                Defendants.

------------------------------------------------------------------X

09 Civ. 9346 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

After a bench trial in this case, the Court issued an Opinion and Order finding in favor of plaintiffs on all three of their claims—for fraud, negligent misrepresentation, and breach of fiduciary duty—and entering judgment for plaintiffs in the amount of $3,068,483. *See Schwarz v. ThinkStrategy Capital Mgmt., LLC*, No. 09-cv-9346, 2012 WL 2026365 (S.D.N.Y. May 31, 2012). This Opinion assumes familiarity with that decision.

On August 1, 2012, plaintiffs moved for relief from that judgment. Specifically, plaintiffs seek the addition of prejudgment interest in the amount of $1,767,990. Plaintiffs have filed an affidavit calculating this amount, *see* Affirmation of Daniel Schwartz in Support of Motion to Alter Judgment (Dkt. 127), which defendants do not contest.

Federal Rule of Civil Procedure 60(b) provides: "On motion and just terms, the court may relieve a party or its legal representative from a judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect . . . ." Such a motion must be made within one year of the entry of judgment. Fed. R. Civ. P. 60(c)(1). As the Second Circuit has recognized: "The Federal Rules of Civil Procedure, the Federal Rules of Appellate Procedure,

and the precedents of this Court provide a broad array of remedies to the party who fails to receive pre-judgment interest to which they feel entitled." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1144 (2d Cir. 1994). One such remedy is that "[a] party may move for the addition of pre-decision interest to a judgment for a full year under Rule 60(b)(1)." *Id.* Plaintiffs have moved for relief from the judgment well within the one year period. Accordingly, this Court has the authority to grant this motion under Rule 60(b)(1).[1]

"New York law governs the substantive issues in a diversity action, including the availability of prejudgment interest." *DB Structured Prods., Inc. v. Balt. Am. Mortg. Corp., Inc.*, No. 07-cv-4109, 2009 WL 399746, at *9 (S.D.N.Y. Jan. 23, 2009) (quoting *Campbell ex rel. Campbell v. Metro. Prop. & Cas. Ins. Co.*, 239 F.3d 179, 187 (2d Cir. 2001)). Under New York law, prejudgment interest "shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property . . . ." N.Y. C.P.L.R. § 5001(a) (McKinney 2012). Plaintiffs' claims of fraud, negligent misrepresentation, and breach of fiduciary duty fall within this definition. *See Mallis v. Bankers Trust Co.*, 717 F.2d 683, 695 (2d Cir. 1983) (fraud and negligent misrepresentation); *Huang v. Sy*, 62 A.D.3d 660, 661 (2d Dep't 2009) (breach of fiduciary duty). Although plaintiffs failed to request prejudgment interest at trial, this oversight does not amount to a waiver of their right to such interest. *See Mallis*, 717 F.2d at 694. Therefore, plaintiffs are entitled to prejudgment interest, at a statutory rate of nine percent. *See* N.Y. C.P.L.R. § 5004 (McKinney 2012). By plaintiffs' uncontested calculations, this amounts to $1,767,990.

---

[1] Defendants' argument that this motion should have been made under Rule 59(e), and was thus untimely, is, therefore, unavailing. *See Paddington Partners*, 34 F.3d at 1144.

For the reasons stated, plaintiffs' motion is GRANTED. The Clerk of Court is directed to issue a revised judgment, and to terminate the motion at docket number 124.

SO ORDERED.

*Paul A. Engelmayer*
_____
Paul A. Engelmayer
United States District Judge

Dated: September 18, 2012
       New York, New York