UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN SCHWARZ, CHRISTINA SCHWARZ & DANIEL SCHWARZ<br><br>Plaintiffs,<br><br>v.<br><br>THINKSTRATGY CAPITAL MANAGEMENT LLC and CHETAN KAPUR<br><br>Defendants. | NOTICE OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD<br><br>No.: 09-cv-9346 (PAE) |

PLEASE TAKE NOTICE that upon the attached affidavit of Kevin M. Shelley, dated February 5, 2014, Kaufmann Gildin & Robbins LLP, attorneys of record for Defendant Chetan Kapur, will move this Court before the Hon. Paul A. Engelmayer at the United States Courthouse located at 500 Pearl Street, New York, New York on a time and date to be determined by the Court for an Order pursuant to Local Civil Rule 1.4 relieving it as counsel of record for Defendant Chetan Kapur; for an Order adjourning the February 25, 2014 hearing before the Court for a reasonable time in order to provide Chetan Kapur an opportunity to retain substitute counsel to represent him in connection therewith; and for any other relief that the Court considers just and proper.

Dated: New York, New York
February 5, 2014

Respectfully submitted

KAUFMANN GILDIN & ROBBINS LLP

By: _____
Kevin M. Shelley
767 Third Avenue, 30th Floor
New York, New York 10017
212.755.3100
kshelley@kaufmanngildin.com

Doc Num 184786-V1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN SCHWARZ, CHRISTINA SCHWARZ & DANIEL SCHWARZ<br><br>Plaintiffs,<br><br>v.<br><br>THINKSTRATGY CAPITAL MANAGEMENT LLC and CHETAN KAPUR<br><br>Defendants. | CERTIFICATION OF SERVICE<br><br>No.: 09-cv-9346 (PAE) |

    Kevin M. Shelley hereby certifies that a true and correct copy of the Notice of Motion and Supporting Affidavit, both dated February 5, 2014, were served upon counsel of record for all parties by filing the same on the Court's ECF System and were served upon Defendant Chetan Kapur by delivering a copy to him by email and Federal Express on February 5, 2014 at the following address:

    Mr. Chetan Kapur
    85 East End Avenue, Apt. 16E
    New York, New York 1028

                                                  */s/ Kevin M. Shelley*
                                                  Kevin M. Shelley

Dated: February 5, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN SCHWARZ, CHRISTINA SCHWARZ & DANIEL SCHWARZ<br><br>Plaintiffs,<br><br>v.<br><br>THINKSTRATGY CAPITAL MANAGEMENT LLC and CHETAN KAPUR<br><br>Defendants. | AFFIDAVIT IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD<br><br>No.: 09-cv-9346 (PAE) |

STATE OF NEW YORK      )
                       )ss.:
COUNTY OF NEW YORK     )

KEVIN M. SHELLEY, being duly sworn, deposes and says:

1. I am a partner with the law firm of Kaufmann Gildin & Robbins LLP ("KGR"), attorneys of record for Defendant Chetan Kapur in the above-captioned action.

2. I submit this affidavit in support of KGR's motion pursuant to Local Civil Rule 1.4, for an Order relieving it as counsel of record for Mr. Kapur and related relief.

3. Because Mr. Kapur has refused to cooperate with KGR in connection with its representation of him, which refusal includes, but is not limited to, his refusal to compensate KGR for its work in this case, KGR can no longer responsibly represent Mr. Kapur in this action. Through his execution of KGR's retainer agreement, Mr. Kapur has consented to the relief requested.

**Factual Background**

4. On or about September 26, 2013, Mr. Kapur and his parents executed a written retainer agreement with KGR ("Retainer Agreement"). In the Retainer Agreement, Mr. Kapur and his parents agreed to pay KGR for services rendered by KGR attorneys at their respective

hourly rates, and to reimburse KGR for reasonable costs and disbursements incurred on Mr. Kapur's behalf.

5. The Retainer Agreement also contains the following provision:

> If our statements are not paid promptly or your parents do not advance requested funds or you do not fully cooperate with us on the matter being handled, you will be deemed to have deliberately disregarded this agreement and rendered it unreasonably difficult for us to carry out your representation, whereupon we reserve the right to withdraw as counsel, at our sole discretion, by notice to you.

6. Pursuant to the terms set forth in the Retainer Agreement, KGR has provided services to Mr. Kapur in connection with this action, including the following: numerous office conferences, telephone calls and emails with the client; filing of a Notice of Appearance in this action; preparation of response to subpoena duces tecum served by Plaintiffs; production of documents in response to subpoena duces tecum served by Plaintiffs; preparation of responses to related post-judgment discovery demands from Plaintiffs; preparation for and attendance at Mr. Kapur's deposition; preparation and filing of motion papers in connection with Plaintiffs' pending turnover motion; communication with the client and the Securities Exchange Commission concerning other matters; and, other related tasks.

**Mr. Kapur's Refusal to Cooperate**

7. On or about January 13, 2014, KGR requested that Mr. Kapur pay the outstanding balance and replenish his retainer balance with KGR, and since that time, the request has been repeated numerous times. To date, Mr. Kapur has not tendered the requested payment, and Mr. Kapur currently owes KGR approximately $4,000 for services previously rendered. In addition, Mr. Kapur has refused to pay KGR for anticipated work to be done in connection with the preparation and attendance at the evidentiary hearing which is currently scheduled for February 25, 2014 (ECF Doc. No. 160).

8. In addition to his refusal to pay for KGR's services, Mr. Kapur has largely stopped returning phone calls and emails and otherwise participating in the preparation of his defense.

9. In a recent email to me concerning the Court's scheduled evidentiary hearing on February 25, 2014, Mr. Kapur clearly communicated to me that he is unable and unwilling to pay KGR for work to be performed in connection with that hearing, and that instead, he prefers to represent himself in connection with the hearing.

10. In its Order, dated January 29, 2014 (ECF Doc. No. 160), the Court stated that: "If Rai chooses to retain separate counsel, the Court will consider a reasonable request for an adjournment of the evidentiary hearing for a short period in order to enable her counsel to familiarize himself or herself with the relevant facts." *Order*, p. 2.

11. In connection with this application to withdraw as counsel of record, we respectfully suggest that a short adjournment of the hearing is appropriate to provide both Mr. Kapur and Ms. Rai an opportunity to consult with and retain counsel, if they so desire, to represent them in connection with the hearing.

WHEREFORE, your deponent respectfully asks the Court to enter and Order, pursuant to Local Civil Rule 1.4, granting Kaufmann Gildin & Robbins LLP leave to withdraw as attorneys of record for Defendant Chetan Kapur in this action; granting a reasonable adjournment of the February 25, 2014 hearing; and, granting any other relief that the Court considers just and proper.

Kevin M. Shelley

Sworn to before me this
5th day of February 2014

Notary Public

DANIEL GILDIN
NOTARY PUBLIC, State of New York
No. 31-4664971
Qualified in New York County
Commission Expires September 30, 20 16

Doc Num 184786-V1