UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BENJAMIN SCHWARZ,            )
CHRISTINA SCHWARZ            )
and DANIEL SCHWARZ,          )           Civil Action No: 09 CV 9346 (LAK)
                             )
                             )
         Plaintiffs,         )
                             )           **PLAINTIFFS' PRE-HEARING**
   -against-                 )           **MEMORANDUM**
                             )
THINKSTRATEGY CAPITAL        )
MANAGEMENT LLC and CHETAN KAPUR, )
                             )
         Defendants.         )
-----------------------------------------------------------------x

    Plaintiff submits this pre-hearing memorandum in connection with the contempt hearing scheduled in this matter and in *Securities Exchange Commission v. Kap*ur, 11-cv-8094 (PAE) ("the SEC matter") for May 20, 2015.

    **A.    STATEMENT OF FACTS**

    Plaintiffs expect that the following facts will be elicited at the hearing.

    On February 18, 2014, the Court ordered Defendant to appear at an evidentiary hearing and testify concerning a $2.1 million wire transfer to an account in the name of CCO Ltd at Bank Sarasin in 2007.[1] At the hearing, which took place on June 24, 2014, Chetan Kapur testified that he had no recollection of purpose of the wire transfer,[2] did not know what CCO Ltd was,[3] did not

---

[1] A copy of the February 18, 2014 order of the Court is attached hereto as Exhibit 34. To

[2] Transcript of June 24, 2014 hearing at 34. A copy of this transcript is attached hereto as Exhibit 35.

form CCO Ltd.,[4] and that he had never set up a bank account at a Swiss bank other than possibly as part of providing managed account services for clients.[5]

On March 25, 2015, the Securities and Exchange Commission submitted a reply declaration in connection with its own contempt motion against Kapur in the SEC proceeding. Attached as an exhibit to that declaration was a September 2008 email exchange between Kapur and Phillip Stibolt, a senior vice-president at Bank Sarasin.[6] In the email, Kapur is complaining about errors with respect to what appear to be multiple accounts belonging to him at Sarasin, including CCO and accounts identified as APC and AAIA. Kapur complains that he is "not one bit happy about my hard earned money being accounted for in this manner."[7] Later in the email, Kapur makes reference to an "asset protection structure [that] requires we close CCO ASAP/ and the only entity interacting to APC is AAIA."[8]

The SEC also submitted documents to the Court that establish that Kapur controls at least one other Swiss bank account in the name of the Family and Children Charitable Trust at Bank Vontobel and has transferred funds from that account to Bina Rai to be used to pay his living expenses.[9]

---

[3] Id. at 40.
[4] Id. at 41.
[5] Id. at 41-42.
[6] A copy of this email is Exhibit 3 in the SEC proceeding.
[7] Id.
[8] Id.
[9] See Exhibits 5-8 and 20 in the SEC proceeding.

## **ARGUMENT**

**THE COURT HAS A BASIS TO HOLD KAPUR IN CONTEMPT.**

To find a party in civil contempt for failure to comply with an order of the court, "the court need only (1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that that order was not complied with, and (3) find that the alleged contemnor has not clearly established his inability to comply with the terms of the order." *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995).  *See also Time Square Foods Imps. LLC v. Philbin,* 2014 U.S. Dist. LEXIS 99921,*8 (S.D.N.Y. July 21, 2014)(Engelmayer, J.)(same).

Here, the Court already has a basis to make a finding of contempt under these standards. On February 18, 2014, the Court entered an order directing Kapur to appear at a hearing and testify concerning the 2007 wire transfer.[10] At that hearing, Kapur provided sworn testimony that he had no recollection of the 2007 transfer, could not identify the company the money to which the money was transferred and had not opened an account at a Swiss bank for his own – as opposed to his client's – purposes. Based on the evidence uncovered by the SEC, we know that Kapur did not provide truthful and complete testimony about the 2007 wire transfer because it is clear that he did establish CCO Ltd; that he had transferred "his own hard earned money" into the CCO Ltd account; and that he had established bank accounts for his own use at Bank Sarasin and Bank Vorobel.

---

[10] To the extent that the February 18 Order is in any way ambiguous in its direction that Kapur provide truthful and complete testimony about the 2007 wire transfer to Bank Sarasin, the Court should remedy any ambiguity, prior to Kapur's testimony at the May 20, 2015 hearing, by specifically directing Kapur to provide truthful and complete testimony about the wire transfer, other dealings he had at Bank Sarasin, and his dealings with Bank Vontobel and/or any other off-shore bank.

Unless Kapur reverses course and, after the Court orders him again to provide complete and truthful testimony about off-shore accounts in Switzerland and elsewhere, provides complete and truthful testimony concerning these matters, the Court will have clear and convincing evidence to support a finding of contempt against Kapur for willful disobedience of its order.[11] *See SonoMedica, Inc. v. Mohler,* 2009 U.S. Dist. LEXIS 65714,*15 (E.D. Va. July 28, 2009)(finding party in contempt for failing to testify truthfully among other things).

Dated: May 11, 2015
New York, New York

/s
_____
Jason L. Solotaroff
GISKAN SOLOTAROFF ANDERSON
& STEWART LLP
11 Broadway, Suite 2150
New York, NY 10004
Tel: (212) 847-8315

***Counsel for Plaintiffs***

---

[11] In response to a question from the Court relating to whether the contempt sanction would be available to simply force Kapur to pay the judgment, Plaintiffs' counsel answered in the affirmative. That, however, was incorrect as the law is clear that absent exceptional circumstances, it is improper to use the contempt sanction to compel payment of a judgment. *See NYKCool A.B. v. Pac. Fruit, Inc.*, 2012 U.S. Dist. LEXIS 52690,27 (S.D.N.Y. 2012)("Pursuant to Federal Rule of Civil Procedure 69(a)(1), money judgments are enforced by entry of judgment and writ of execution, not by a contempt order absent exceptional circumstances.") Once Kapur provides complete information regarding his off-shore assets, Plaintiffs intend to request that the Court require Kapur to repatriate those assets so that they will be subject to a writ of execution. *See Ftc v. Think Achievement Corp.,* 144 F. Supp. 2d 1013,1022 (N.D. Ind. 2000)(ordering persons in possession of funds subject to judgment to repatriate those assets.