UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BENJAMIN SCHWARZ, CHRISTINA SCHWARZ,
and DANIEL SCHWARZ,

                         Plaintiffs,

      -v-

THINKSTRATEGY CAPITAL MANAGEMENT LLC
and CHETAN KAPUR,

                         Defendants.

------------------------------------------------------------X
------------------------------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

                         Plaintiff,

      -v-

CHETAN KAPUR and LILABOC, LLC,

                         Defendants.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-9-17

09 Civ. 9346 (PAE)

<u>ORDER</u>

11 Civ. 8094 (PAE)

PAUL A. ENGELMAYER, District Judge:

      The following Order is to be filed in each of the above-captioned cases, which are related, and in *Schneider, et al. v. Lilaboc, LLC and Chetan Kapur*, No. 12 Civ. 5818 (PAE), which is also related.

      Defendant Chetan Kapur, jailed for civil contempt of court since July 7, 2015, filed, on April 21, 2017, a motion asking that the contempt sanction be lifted and that he be released from custody. The Court today issued a lengthy bench opinion stating that it would grant that motion and the bases for that ruling. This Order grants that motion and summarizes those reasons.

This Court has entered two judgments against Kapur in the above-captioned cases. On June 1, 2012, after a four-day bench trial, the Court entered a judgment to the plaintiff investors in *Schwarz v. ThinkStrategy Capital Management LLC and Chetan Kapur*, No. 09 Civ. 9346 (PAE), which was later amended to include prejudgment interest, resulting in a final award of $4,836,473. And, on November 30, 2012, pursuant to the parties' settlement agreement, the Court entered a judgment awarding the Securities and Exchange Commission ("SEC") $4,988,196.59 in disgorgement, civil penalties, and prejudgment interest in *SEC v. Chetan Kapur and Lilaboc, LLC*, No. 11 Civ. 8094 (PAE).

Kapur, however, failed to pay anything toward satisfying either judgment entered against him. And the Court, following an evidentiary hearing, found that Kapur had access to significant assets that could be applied toward the judgments. In an Opinion and Order issued on July 1, 2015, the Court granted the motions of the plaintiff judgment creditors to hold Kapur in civil contempt. The Court ordered Kapur to surrender to the United States Marshals on July 7, 2015 and to remain incarcerated until he has purged the contempt. Dkt. 68 (in 11 Civ. 8094). The July 1, 2015 Opinion and Order sets out in detail Kapur's conduct in these cases leading to the finding of civil contempt. The Court there also set out the various steps that Kapur could take to purge the order of contempt entered against him. *Id.*

Since his incarceration, the Court has held regular conferences in these cases to assess the contempt sanction. At these conferences, the Court set forth, on the record, the concrete measures that were necessary for him to do so. At each stage, Kapur failed to undertake sufficient steps to purge his contempt, and the sanction remained in place.

Kapur has now been incarcerated pursuant to the Court's civil contempt finding for 22 months. It is undisputed that he has not complied with the judgments entered against him. The

issue for the Court is whether the continued imposition of the contempt sanction continues to have realistic potential to promote compliance. A party's inability to pay a court order entered against him or her is a defense to civil contempt of court, and the contemnor or alleged contemnor bears the burden of proving that he or she cannot comply with the court's order. *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995). A court "is not required to credit the alleged contemnor's denials if it finds them to be incredible in context, although the denials may be given credit after demonstration that a period in prison does not produce the goods." *Id.* (quotation omitted). The contemnor must establish his or her inability to comply "clearly, plainly, and unmistakably." *Id.* But, a court must be mindful that "at some point a confinement for civil contempt loses its coercive effect and become punitive." *Commodity Futures Trading Comm'n v. Armstrong*, 269 F.3d 109, 112 (2d Cir. 2001) (citation omitted). A court is obliged "to release a contemnor from civil contempt if the contemnor has shown that there is no substantial likelihood that continued confinement will accomplish its coercive purpose." *Simkin v. United States*, 715 F.2d 34, 37 (2d Cir. 1983) (citations omitted). Thus, a court must carefully and regularly assess whether confinement for contempt of court continues to effect compliance with a court's orders or whether such "imprisonment has slipped into the impermissible terrain of a punitive sanction," *Armstrong v. Guccione*, 470 F.3d 89, 114 (2d Cir. 2006) (Sotomayor, J., concurring).

Here, for more than a year after he was imprisoned pursuant to the contempt sanction, Kapur made little or no effort towards payments of the judgments against him. However, during the past eight months, in conjunction with his counsel, Kapur has made sustained efforts towards repatriation of the one asset as to which the plaintiff judgment creditors continued to claim that a

3

civil contempt sanction is merited, an account at Bank Vontobel, a Swiss bank.[1] In 2014, Kapur, who had been the beneficiary of that account, designated his brother, Kabir Kapur, as beneficiary of the account. During the past months, Chetan Kapur and his counsel have attempted through various means—which the Court reviewed at today's hearing—to prompt Kabir Kapur to change the beneficiary designation on that account back to Chetan Kapur. Chetan Kapur, meanwhile, has renounced any interest he has or will have in that account in favor of his judgment creditors. Notwithstanding these efforts, Kabir Kapur has been unresponsive. Plaintiffs' counsel have not identified any additional steps that Chetan Kapur can take that have a realistic prospect of causing the beneficiary on the Vontobel account to be changed back to Kapur or to the judgment creditors. Kapur therefore argues that his continued incarceration is not likely to prompt Kabir Kapur to change the beneficiary designation, and that there is nothing more he realistically can do to effect such a transfer.

The Court agrees. The Court therefore finds, based on the present record, that Kapur has shown that further incarceration is not likely to coerce compliance with the Court's orders and judgments entered against him, and that continued incarceration would make the contempt sanction here no longer coercive, but improperly punitive. The plaintiffs, as judgment creditors, remain at liberty to continue to investigate Kapur's assets and ability to pay, and to make further applications to the Court as appropriate to obtain payment of Kapur's judgments, which Kapur remains obligated to pay in full. The Court remains ready to fashion relief to assist them in collecting these judgments upon an application to do so.

Accordingly, the Court grants Kapur's motion to lift the Court's contempt order and to release him from custody. He is to be released from confinement forthwith.

---

[1] The account at Bank Vontobel is presently frozen by Swiss authorities for unrelated reasons.

4

The Clerk of Court is respectfully directed to terminate the motions pending at Dkt. 165 in No. 11 Civ. 8094 (PAE) and at Dkt. 327 in No. 09 Civ. 9346 (PAE).

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: May 9, 2017
　　　　New York, New York